United States District Court
Southern District of Texas
**ENTERED**
August 12, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARK ANTHONY SANCHEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-00400 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Mark Anthony Sanchez is in the custody of the federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding *pro se*, Sanchez filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on December 10, 2019. He argues that he should receive jail credit under U.S.S.G. § 5G1.3(b) for time spent in state prison on a charge related to his federal conviction. Respondent filed a construed motion for summary judgment on May 6, 2020. (D.E. 14). The undersigned issued an order construing the filing as a motion to dismiss[1] and informed Sanchez of the deadline to respond. (D.E. 15). Sanchez has not responded. As discussed more fully below, it is recommended that Respondent's motion be granted and Sanchez's habeas petition be dismissed for lack of jurisdiction because his claim is not cognizable in a § 2241 petition.

---

[1] Although previously construed as a motion to dismiss, the filing is properly construed as a motion for summary judgment because it requires consideration of evidence outside of the pleadings. Fed. R. Civ. P. 12(d).

## I. BACKGROUND

### a. Petition and Claims

In his § 2241 petition, Sanchez raises the claim that the BOP is required to give him a *nunc pro tunc* designation or jail credit under U.S.S.G. § 5G1.3(b) for the 196 days he spent in state prison on a related burglary charge. (D.E. 1 at 7-8; D.E. 2 at 3-6, 10-11). He argues that because the district court fully considered the not-yet-imposed state sentence and did not apply an upward departure, it was required to impose a concurrent sentence and apply a time credit for the state sentence. (D.E. 1 at 8; D.E. 2 at 5-7, 12-16). Finally, he argues that the BOP has the authority to correct the district court's error by giving him credit. (D.E. 2 at 8-9, 11-12).

### b. Summary Judgment Evidence

In May 2016, a Texas state court placed Sanchez on deferred adjudication and community supervision after he was indicted for failure to comply with sex offender registration requirements. (D.E. 12-1 at 8). On September 13, 2016, Sanchez and another man burglarized a store and stole 49 firearms. (D.E. 13-1 at 5-7). This offense resulted in multiple consequences. First, in November 2016, the state court adjudicated Sanchez guilty for the failure-to-register offense and sentenced him to 12 months' imprisonment. (D.E. 12-1 at 11).

Next, Sanchez was charged in a federal indictment in the Western District of Texas with one count of aiding and abetting theft of a firearm from a licensed firearm dealer, in violation of 18 U.S.C. §§ 922(u) and 2, and one count of unlawfully, knowingly, and intentionally receiving, possessing, concealing, storing, bartering, selling,

2

or disposing of firearms, in violation of 18 U.S.C. §§ 922(j) and 2. (*Id.* at 15-20). Sanchez pleaded guilty to count one pursuant to a written plea agreement. (D.E. 13-1 at 5). At sentencing in March 2017, based on a total offense level of 19 and a criminal history category of V, the district court calculated a guideline range of 57 to 71 months. (D.E. 12-3 at 10). The court sentenced Sanchez to 57 months' imprisonment and specifically noted that this sentence was to run consecutively with any sentence Sanchez received for the burglary in state court. (*Id.* at 13, 18). The second count of the indictment was dismissed. (*Id.* at 18).

Finally, Sanchez was charged in a state indictment with burglary of a building, in violation of Tex. Penal Code § 30.02. (D.E. 12-1 at 31). He pleaded guilty and was sentenced to 196 days in the state jail division of the Texas Department of Criminal Justice. (*Id.*).

In December 2019, Sanchez filed a "Motion for Clarification or Correction of Sentence" in the Western District of Texas. (D.E. 12-4 at 2-8). He raised arguments similar to those in his current petition, contending that U.S.S.G. § 5G1.3 required the court to run his state burglary sentence and federal firearm sentence concurrently. (*Id.*). The district court informed Sanchez that it was construing his motion as a motion to vacate under 28 U.S.C. § 2255, told him of the potential consequences of the motion being construed as such, and gave him 30 days to either withdraw the motion, consent to its construction as a § 2255 motion, or amend the motion to include all § 2255 claims he sought to raise. (D.E. 12-5 at 2-3). Sanchez failed to respond, and the district court dismissed the § 2255 motion for failure to prosecute. (D.E. 12-6 at 2-5).

3

## II. DISCUSSION

In the motion for summary judgment, Respondent argues that the claims in Sanchez's petition must be brought in a 28 U.S.C. § 2255 motion, not a § 2241 petition, and that this Court lacks jurisdiction to consider the petition under § 2255 because Sanchez was not convicted in this district. (D.E. 14 at 10-15). Specifically, Respondent contends that the BOP does not have the authority to reduce Sanchez's sentence under § 5G1.3 of the Sentencing Guidelines and that Sanchez's petition really is a collateral attack on the legality of his sentence, not a challenge to the BOP's calculation of his jail credit. (*Id.* at 14-15). Respondent also raises alternative argument on the merits. (*Id.* at 15-20).

Sanchez has not responded.

A § 2241 petition attacks the manner in which a sentence is carried out or how the prison authorities have determined its duration, and it must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In contrast, a § 2255 motion is the primary means of collateral attack on a federal sentence and is warranted for errors that occurred at or prior to sentencing. *Id.* A § 2255 motion must be filed in the sentencing court. *Id.* The two are not interchangeable, and a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.* at 452. The only exception to this rule is where the remedy provided for under § 2255 is inadequate or ineffective. *Id.*

A prisoner's claim that the BOP failed to give credit for time served on a state sentence falls under § 2241. *See, e.g., Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir.

2010). However, a claim about the sentencing court's application of the Sentencing Guidelines and imposition of the sentence falls under § 2255 because these errors occur during sentencing. *See Pack*, 218 F.3d at 451.

Section 5G1.3 of the Sentencing Guidelines defines when the sentencing court should run a state sentence of imprisonment consecutively to a federal sentence and when it should run a state sentence concurrently. U.S.S.G. § 5G1.3. However, typically the BOP is responsible for ensuring that defendants receive credit for previous time served. *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017). This decision is governed by 18 U.S.C. § 3585(b), which provides that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" under certain circumstances. 18 U.S.C. § 3585(b). The BOP administers the sentence, it does not alter it. *Hankton*, 875 F.3d at 792.

Here, this Court lacks jurisdiction to consider Sanchez's petition because it is properly construed as a § 2255 motion rather than a § 2241 petition, and this is not the district in which Sanchez was sentenced. Ultimately, Sanchez's claim is not that the BOP has incorrectly applied the sentence imposed by the district court, which would be an argument he could raise in a § 2241 petition. *See Hunter*, 622 F.3d at 429. Instead, his argument is that the district court erred under § 5G1.3 in making his federal sentence run consecutive to his state sentence, which is an error that occurred at or prior to sentencing and must be raised in a § 2255 motion. *See Pack*, 218 F.3d at 451. Sanchez argues that the BOP can correct this alleged mistake based on its authority under 18 U.S.C. § 3585. However, the sentencing court explicitly stated that the federal sentence would run

5

consecutively to the state sentence for burglary. (D.E. 12-3 at 18). Regardless of whether the sentencing court erred under § 5G1.3 when it reached this conclusion, the BOP only has the authority to administer this sentence, not to alter it. *Hankton*, 875 F.3d at 792. Thus, Sanchez's disagreement is with the sentencing court itself, not with the BOP.

Accordingly, Sanchez's § 2241 petition is instead a § 2255 motion that must be dismissed because this is not the district in which he was sentenced. *Pack*, 218 F.3d at 451-52.

## III. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's construed motion for summary judgment (D.E. 14) be GRANTED. Sanchez's § 2241 petition should be DISMISSED for lack of jurisdiction.

Respectfully submitted this 12th day of August, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).